UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DERELL BALDWIN GREEN, | No.  2:20-cv-01329-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| PATRICK COVELLO, | |
| Respondent. | (Doc. Nos. 1, 24) |

Petitioner Melvin Derell Baldwin Green is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 24, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be denied on the merits.  (Doc. No. 24.)  Specifically, the magistrate judge concluded that:  (1) petitioner's vagueness challenge to California Penal Code § 236.1(c)(2), of which he was convicted of violating in two counts, failed because the California Court of Appeals' rejection of petitioner's argument in that regard was not contrary to or an unreasonable application of clearly established federal law; (2) petitioner's second claim, in which he asserted that jury instruction error violated his right to due process, failed because he failed to establish prejudice stemming

1

from the claimed jury instruction error; and (3) petitioner was not entitled to relief under clearly established federal law as to his final claim that the sentence imposed in his case was grossly disproportionate to the crimes of which he was convicted in violation of the Eighth Amendment. (*Id*. at 15–24.)

The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 25.)  To date, petitioner has not filed any objections and the time in which to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, constitutional claims are denied on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484–85.  In the present case, the court concludes that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.     The findings and recommendations issued on September 24, 2025 (Doc. No. 24) are ADOPTED in full;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;

/////

/////

2

3.     The court DECLINES to issue a certificate of appealability; and

4.     The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **May 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3